UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02819-JVS-KES | Date | April 3, 2025 |
| Title | Ken Liem v. Chong Hing Bank Limited et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Priscilla Deason for Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  **[IN CHAMBERS] <u>Order Regarding Request for Clerk to Enter Default [22]</u>**

Before the Court is Plaintiff Ken Liem's ("Liem") request for the clerk to enter default against Defendants Chong Hing Bank Limited, DBS Bank (Hong Kong) Limited, Fubon Bank Limited, Richou Trade Limited, FFQI Trade Limited, Xibing Limited, and Weidel Limited (collectively, "Hong Kong Defendants"). (Request, Dkt. No. 12.) The Clerk of the Court referred this request to the Court on the basis that it is not authorized to determine the propriety of service on a foreign entity. (Dkt. No. 23.)

For the following reasons, the Court **DENIES without prejudice** the request to enter default.

### I. BACKGROUND

On December 31, 2024, Liem filed a complaint against seven Hong Kong financial institutions for participating in crypto-fraud scams. (Complaint ("Compl."), Dkt. No. 1 ¶ 1.) He alleges that a "fraudster" persuaded Liem to wire "hundred[s] of thousands of dollars" to accounts maintained at at DBS, Fubon, and Chong Hing banks ("Banking Defendants") under the guise of investing in cryptocurrency. (Id. ¶¶ 2–4.) Allegedly, Richou, FFQI, Xibing, and Weidel ("Recipient Defendants") are holders of those accounts. (Id. ¶ 2.)

Liem served all Hong Kong Defendants by early to mid-January. (Request, Dkt. No. 12.) Because all Hong Kong Defendants failed to file any responsive pleading by the appropriate date, Liem requests the Court to enter default.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-02819-JVS-KES    Date  April 3, 2025

Title  Ken Liem v. Chong Hing Bank Limited et al

## II. Legal Standard

Prior to obtaining a default judgment under Federal Rule of Civil Procedure 55(b), there must be an entry of default as provided by Rule 55(a). See Fed. R. Civ. P. 55. A default may be entered by the clerk only "against a party who has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The failure to plead or otherwise defend must be shown by means of an affidavit or by other competent proof. Id. However, the clerk of the Court cannot enter a default where doing so would require determining the propriety of service on a foreign entity.

## III. Discussion

The Court considers Liem's request of entry of default by analyzing the sufficiency of service of process on Hong Kong Defendants. See Joe Hand Promotions, Inc. v. Talayarathe, 2012 WL 1815622, at *2 (N.D. Cal. May 17, 2012) ("a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default.") (citations omitted); see also Johnson v. Salas, 2012 WL 1158856, at *4 (E.D. Cal. Apr. 6, 2012) ("Because default judgments generally are disfavored, courts have required strict compliance with the legal prerequisites establishing the court's power to render the judgment.") (cleaned up).

Corporations may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, *except* personal delivery under (f)(2)(C)(I)." Fed. R. Civ. P. 4(h)(2) (emphasis added). Here, Liem served all corporate Hong Kong Defendants through a process server. Therefore, the Court must determine whether Liem properly served the Hong Kong Defendants pursuant to Rule 4(f).

Under Rule 4(f)(1), a party may serve an individual or entity in a foreign country by "any intentionally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). The Ninth Circuit has clarified that "the validity of that service [abroad] is controlled by the Hague Convention, to the extent that the convention applies." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). The Hague Service Convention sets guidelines for the process of service of judicial documents between signatory countries. Id.; see also Convention

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02819-JVS-KES | Date | April 3, 2025 |
| Title | Ken Liem v. Chong Hing Bank Limited et al | | |

on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 686 U.N.TS. 163 (1969) (hereinafter "Hague Convention" or "Convention"). "The primary means by which service is accomplished under the Convention is through a receiving country's 'Central Authority.'" Brockmeyer, 383 F.3d at 801. The United States and Hong Kong are both signatories to the Hague Service Convention. See Hague Service Convention. Thus, the primary means of service in Hong Kong is through its Central Authority, the Chief Secretary for Administration. See Hague Convention, China (Hong Kong SAR) - Other Authority (Art. 18) & practical information ("Hong Kong Hague Convention"), https://www.hcch.net/en/states/authorities/details3/?aid=393 (last visited March 28, 2025.)

However, the Hague Convention states that it will not "interfere with" other methods of service unless objected to by the country of destination. See Hague Service Convention, art. 10. Article 10(b) and (c) authorizes service through a "competent person of the State of destination," such as an authorized process server in the country of destination. See Hague Service Convention, art. 10(b), 10(c). Hong Kong did not express reservations to service by an agent under either provision. See Hong Kong Hague Convention. Rather, it notes that "a private agent (usually a firm of solicitors) may be appointed directly to effect service. Such service can be effected directly without going through the Government or the judiciary." Id.; see Whyenlee Indus. Ltd. v. Superior Ct., 33 Cal. App. 5th 364, 372, 244 Cal. Rptr. 3d 840, 846 (2019); McIntire v. China MediaExpress Holdings, Inc., 927 F. Supp. 2d 105, 132 (S.D.N.Y. 2013) ("Hong Kong has not objected to service by agent."); see also Henry Haining Zhang v. Kon Ki Lo, 2020 WL 2133163, at *9 (S.D.N.Y. May 5, 2020). Therefore, the Court finds that service on Hong Kong Defendants by an authorized process server in Hong Kong is generally effective.

Here, Liem improperly served Hong Kong Defendants for two reasons. First, the record provides no evidence that Mr. Fu, the agent used to serve Hong Kong Defendants, is a "competent person" or an "authorized process server" in Hong Kong. Hague Convention, art. 10(b); Whyenlee Indus., 33 Cal. App. 5th at 369; see Henry Haining Zhang v. Kon Ki Lo, 2020 WL 2133163, at *9 (S.D.N.Y. May 5, 2020) ("[T]here is no warrant for concluding that personal delivery by anyone other than an agent authorized by Hong Kong would be effective.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02819-JVS-KES | Date | April 3, 2025 |
| Title | Ken Liem v. Chong Hing Bank Limited et al | | |

    Second, the Court finds that service does not comport with due process as to Defendants Richou Trade Limited, FFQI Trade Limited, Xibing Limited, and Weidel Limited. Contrary to Banking Defendants, Mr. Fu attempted service at the Recipient Defendants' registered address, but found them to be either incorrect or their offices unoccupied. Nevertheless, the service agent left the documents in front of the door.

    For example, on January 13, 2025, Mr. Fu attempted service on Richou Trade Limited ("Richou") at its Registered Office, located at Unit 2223, 22/F, Yan's Tower, 25 - 27 Wong Chuk Hang Road, Aberdeen, Hong Kong. (Proof of Service, Dkt. No. 16; Gesund Decl. Ex. 6.) Although the Hong Kong Companies Registry shows that this is the address for Richou, Mr. Fu was unable to find the company at the registered address. Instead, he found Metis Ltd, the company secretary to Richou. (Proof of Service, Dkt. No. 16, Ex. A.) Veriton investigations separately "carried out some research on Metis Ltd." and found it to be a trustee company. (Id.) Mr. Fu returned to the address listed for Richou, and again found the premises closed with no one inside. (Id.) Mr. Fu then left the envelope containing the summons and complaint in front of the door. (Id.)

    Similarly, on January 14, 2025, Liem attempted to serve FFQI at its Registered Office, located at Rm. 27, 2/F, Block A, Kwai Shing Industrial Bldg, Ph 1, 36-40 Tai Lin Pai Road, Kwai Chung, Hong Kong. (Proof of Service, Dkt. No. 17; Gesund Decl. Ex. 7.) Mr. Fu went to the address listed on the Hong Kong Companies Registry, but the room was occupied by a different company called Hong Kong Rui Sheng Secretarial Ltd. (Proof of Service, Dkt. No. 17, Ex. A.) When Mr. Fu called Rui Sheng, Ms. Sheng answered that they had no relationship with FFQI. (Id.) Mr. Fu returned the next day and left the envelope containing the documents at the foot of the door at the registered address. (Id.)

    On January 14, 2025, Mr. Fu also attempted service on Xibing at its Registered Office, located at Rm. 22, A Block, 10/F, Manning Ind. Building, 116- 118 How Ming Street, Kwun Tong Kowloon, Hong Kong. (Proof of Service, Dkt. No. 18; Gesund Decl. Ex. 8.) When Mr. Fu arrived, the office directory did not list Xibing for 10/F, and he could not gain entry to the building. (Id.) Mr. Fu revisited the next day, gained access to the building, waited, then left the documents in front of the room as no one was inside. (Id.)

    On January 15, 2025, Liem served Weidel at its Registered Office located at Rm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:24-cv-02819-JVS-KES    Date April 3, 2025

Title   Ken Liem v. Chong Hing Bank Limited et al

1006, 10/F., Po Yip Building, 23 Hing Yip Street, Kwun Tong, Kowloon, Hong Kong. (Proof of Service, Dkt. No. 19; Gesund Decl. Ex. 9.)  Mr. Fu went to the address for Marotom Business Ltd., the Company Secretary, and found it empty.  (Proof of Service, Dkt. No. 19, Ex. A.)  He called the number on the door, and the woman answered that her company was no longer associated with Wiedel.  Mr. Fu went to the address listed for Weidel in the Hong Kong Companies Registry and instead found a secretarial service company, that told Mr. Fu that Wiedel was not their client.  Nevertheless, Mr. Fu proceeded to leave the envelope outside of the room number listed as its address.  (Id.)

Due process requires service by any means "reasonably calculated to give notice" such that defendants can be apprised "of the pendency of the action and afford[ed]. . . an opportunity to present their objections."  Fed. R. Civ. P. 4(f)(1); Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  The Court finds that leaving the documents at a location that may no longer be their address does not provide these defendants with that opportunity.  Liem does not cite any cases to suggest that this is sufficient.  Furthermore, the record also does not indicate that Liem attempted to reach these Recipient Defendants by any other method in order to give them proper notice.

Alternatively, service may also be authorized by any means prescribed "by the law of the recipient country."  Fed. R. Civ. P. 4(f)(2)(A).  However, Liem also does not cite to any Hong Kong law that authorizes service by leaving a copy of the summons and the complaint on the door of a company's registered address.  The Court also cannot find in Hong Kong's Rule of the High Court that it allows service in such as manner.  See, Rules of the High Court, O. 10, O. 65 ("Personal service of a document on a body corporate may. . . be effected by serving it . . . on the chairman or president of the body, or the clerk, secretary, treasurer or other similar officer thereof.").  Without more, the Court cannot find proper service at this time, especially as to Defendants Richou, FFQI, Xibing, and Weidel.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES without prejudice** the request for entry of default against defendants Chong Hing Bank Limited, DBS Bank (Hong Kong) Limited, Fubon Bank Limited, Richou Trade Limited, FFQI Trade Limited, Xibing Limited, and Weidel Limited.

**IT IS SO ORDERED.**