UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02819-JVS-KES | Date | November 18, 2025 |
| Title | Ken Liem v. Chong Hing Bank Limited et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Order Regarding Plaintiff's Motions for Default Judgment [30, 31, 32]**

Before the Court are Plaintiff Ken Liem's ("Liem") three Motions for Default Judgment. (Dkt. Nos. 30–32.) The Motions are filed against Defendants Chong Hing Bank Limited ("Chong Hing Bank"), DBS Bank (Hong Kong) Limited ("DBS Bank"), and Fubon Bank Limited ("Fubon Bank"), respectively. (Id.) Liem supported his Motions with a separately-filed memorandum. (Mot., Dkt. No. 33.) Only DBS Bank opposed the Motion. (DBS Bank Opp'n, Dkt. No. 35.) Liem replied to that opposition. (Reply, Dkt. No. 38.)

A hearing for this matter was previously scheduled for November 24, 2025. To that end, Liem's counsel filed a Request to Appear Remotely at the hearing. (Dkt. No. 39.)

For the following reasons, the Court **DENIES** all three motions. As described below, this Court vacates the November 24, 2025 hearing. Accordingly, the Court **DENIES as moot** the Request to Appear Remotely.

I. BACKGROUND

The following facts are taken from the Complaint unless otherwise stated.

A.   *Factual Background*

This case concerns liability for an alleged defrauding of Liem, an Orange County resident who lost nearly $1 million to a "pig-butchering" cryptocurrency scam. (Compl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02819-JVS-KES | Date | November 18, 2025 |
| Title | Ken Liem v. Chong Hing Bank Limited et al | | |

¶¶ 1, 6, 59.) Around June 2023, an individual operating under the name Dany Lin ("Lin") contacted Liem via LinkedIn to "present a cryptocurrency investment opportunity to him." (Id. ¶ 30.) Enticed by Lin's promises of "significant returns," Liem made several wire transfers from October 4, 2023 to December 27, 2023, to "agents and/or alter egos" of Lin. (Id. ¶¶ 31–36.) These "alter egos" were Richou Trade Limited ("Richou"), FFQI Trade Limited ("FFQI"), Xibing Limited ("Xibing"), and Weidel Limited ("Weidel") (collectively, "Recipient Defendants"). (Id. ¶¶ 10–13.) Recipient Defendants operated at three different international banking institutions: Chong Hing Bank, DBS Bank, and Fubon Bank (collectively, "Bank Defendants"). (Id. ¶¶ 33–36.)

The specific dates and dollar amounts of the transfers were as follows:

- October 4, 2023: $300,000 to Richou at Chong Hing Bank.
- November 22, 2023: $230,000 to FFQI at DBS Bank.
- December 13, 2023: $245,000 to Xibing at Chong Hing Bank.
- December 27, 2023: $211,000 to Weidel at Fubon Bank.
- Total: $986,000

(Id.) Around January 2024, Liem discovered that his assets were frozen "in one of his cryptocurrency accounts for suspected money laundering," leading to the eventual realization that he had been defrauded. (Id. ¶ 37.) In August 2024, Liem informed the Bank Defendants of the fraud, but they "either disclaimed any responsibility for their actions or did not respond" at all. (Id. ¶ 38.)

B.   *Procedural Background*

On December 31, 2024, Liem filed the present Complaint against Recipient Defendants and Bank Defendants. (Id.) Against Bank Defendants, Liem brought causes of action for aiding and abetting fraud, negligence, and violations of California's Unfair Competition Law. (Id. ¶¶ 44–69.) As of this opinion, only DBS Bank has made an appearance in this case. (See Dkt. No. 37.)

On September 12, 2025, the clerk entered default against Bank Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. No. 28.) On October 14, 2025, Liem filed the present Motions. (Dkt. Nos. 30–33.) Liem asks the Court to enter a judgment against Defendant Banks for the collective amount of $986,000, equal to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02819-JVS-KES | Date | November 18, 2025 |
| Title | Ken Liem v. Chong Hing Bank Limited et al | | |

total amount Liem lost.  (Mot. at 16.)

## II. LEGAL STANDARD

*A.     Motions for Default Judgment*

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

1.     Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure.  Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint.  Fed. R. Civ. P. 54(c).  Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form.  Fed. R. Civ. P. 55(a).

In addition, a party seeking a default judgment must meet the requirements of Local Rule 55-1.  To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against whom the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent person "and if so, whether that person is represented by a guardian, committee, conservator or other representative," (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2).  L.R. 55-1.

2.     Substantive Requirements

The Ninth Circuit has identified seven factors (the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02819-JVS-KES | Date | November 18, 2025 |
| Title | Ken Liem v. Chong Hing Bank Limited et al | | |

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992).

B.      *Personal Jurisdiction*

Personal jurisdiction refers to a court's power to render a valid and enforceable judgment against a particular defendant. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980); Pennoyer v. Neff, 95 U.S. 714, 720 (1877), overruled in part by Shaffer v. Heitner, 433 U.S. 186, 206 (1977). The contours of that power are shaped, in large part, by the Due Process Clause of the Fourteenth Amendment, which requires sufficient "contacts, ties, or relations" between the defendant and the forum state before "mak[ing] binding a judgment *in personam* against an individual or corporate defendant." Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). Due Process requires that "there exist 'minimum contacts' between the defendant and the forum" in order to protect the defendant "against the burdens of litigating in a distant or inconvenient" court and lend "a degree of predictability to the legal system." World-Wide Volkswagen, 444 U.S. at 291, 292, 297.

Jurisdiction must also comport with law of the forum state. See Fed. R. Civ. P. 4(k)(1)(A); Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc). Because California's long-arm statute allows the exercise of jurisdiction on any basis consistent with the state and federal constitutions, the jurisdictional analyses of state law and federal due process are the same. Cal. Code. Civ. Proc. § 410.10; see also Yahoo, 433 F.3d at 1205.

Due to the foregoing considerations, Federal Rule of Civil Procedure 12(b)(2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02819-JVS-KES | Date | November 18, 2025 |
| Title | Ken Liem v. Chong Hing Bank Limited et al | | |

allows a defendant to move for dismissal based on a lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "In opposing a defendant's motion to dismiss[,] . . . the plaintiff bears the burden of establishing that jurisdiction is proper." Ranza v. Nike, Inc., 793 F.3d 1059, 1068 (9th Cir. 2015). "In the absence of an evidentiary hearing, "[h]owever, this demonstration requires that the plaintiff 'make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001)).

Personal jurisdiction may be premised on general or specific jurisdiction, each of which is described below.

      1.    <u>Specific Personal Jurisdiction</u>

Specific jurisdiction exists when the suit "aris[es] out of or relate[s] to the defendant's contacts with the forum." Daimler AG v. Bauman, 571 U.S. 117, 127 (2014). The Ninth Circuit employs a three-part test to determine whether a court possesses specific jurisdiction over a particular defendant: (1) the defendant must have "performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum"; (2) the claim must "arise[] out of or result[] from the defendant's forum-related activities"; and (3) the exercise of jurisdiction must be reasonable. Pebble Beach, 453 F.3d at 1155.

The plaintiff bears the burden on the first two prongs. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff fails to satisfy either prong, "jurisdiction in the forum would deprive the defendant of due process of law." See Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–78 (1985)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02819-JVS-KES | Date | November 18, 2025 |
| Title | Ken Liem v. Chong Hing Bank Limited et al | | |

    2.    <u>General Personal Jurisdiction</u>

    General jurisdiction exists when a nonresident defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State." <u>Daimler</u>, 571 U.S. at 139 (internal quotations omitted). A nonresident defendant's "continuous activity of some sorts within a state," however, is not enough by itself to support exercise of general jurisdiction. <u>Goodyear Dunlop Tires Operations, S.A. v. Brown</u>, 564 U.S. 915, 927 (2011). "Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes," a forum may not exercise general jurisdiction. <u>Yahoo</u>, 433 F.3d at 1205. Where general jurisdiction exists, the Court has jurisdiction over the defendant for all purposes, even in cases where the claims arise from dealings unrelated to those that establish jurisdiction. <u>Daimler</u>, 571 U.S. at 127.

### III. DISCUSSION

    Before the Court may proceed to analysis regarding the requirements of Local Rule 55-1 or <u>Eitel</u>, it must ensure it has personal jurisdiction over Bank Defendants. <u>See In re Tuli</u>, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

    Liem argues that this Court should exercise specific jurisdiction pursuant to the <u>Calder</u> "effects test." (Mot. at 6–7); <u>see</u> <u>Calder v. Jones</u>, 465 U.S. 783, 787–90 (1984). In this Circuit and others, the "effects test" has been held to require: "that the defendant (1) commit an intentional act, that is (2) expressly aimed at the forum state, and (3) which causes harm that the defendant knows will be suffered in the forum state." <u>Briskin v. Shopify, Inc.</u>, 135 F.4th 739, 751 (9th Cir. 2025).

    In Liem's view, this test is met by the following facts: (1) Bank Defendants "intentionally had in place a practice of willful blindness" to money laundering; (2) this practice "was expressly aimed at California and other states" because they "knew that illicit fraudsters would target individuals abroad in California with substantial wealth"; and (3) these practices "directly harmed [Liem] in California." (Mot. at 7.) With regard to DBS Bank, Liem additionally argues that it "maintains a Representative Office" in Los Angeles, which makes it even more foreseeable that "its receipt of deposits from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02819-JVS-KES | Date | November 18, 2025 |
| Title | Ken Liem v. Chong Hing Bank Limited et al | | |

customers in California would harm California residents . . . ." (Id. at 7–8.)  The Court disagrees.

    Liem's analysis appears to equate Bank Defendants' *knowledge* that a perpetrator of fraud could victimize a California resident with *expressly aiming* at California.  This is too attenuated.  None of the alleged negligence occurred within the borders of the United States, let alone California.  With the exception of DBS Bank's office in Los Angeles (discussed below), Liem presents no evidence that any of Bank Defendants intended to avail themselves of California's economy and customer base whatsoever.  This is a far cry from Calder, in which the conduct involved an intentionally-written story about "the California activities of a California resident," harming her "television career [which] was centered in California," with information "drawn from California sources . . . ." 465 U.S. at 788–89.  If merely receiving money from a California bank account established minimum contacts, courts in this District would have personal jurisdiction over virtually every bank in the world.  The Court's reach cannot sweep so broadly.

    In defense of his position, Liem cites Spetner v. Palestine Inv. Bank, 70 F.4th 632, 637 (2d Cir. 2023), but factual and legal distinctions separate Spetner from the present case. (Mot. at 7.)  There, the Second Circuit found that personal jurisdiction existed over Palestinian Investment Bank ("PIB") when it "knowingly provid[ed] financial services to terrorist organizations" to support attacks in Israel.  Spetner, 70 F.4th at 636.  Like two of Bank Defendants here, PIB had no "offices, branches, or employees" in the forum state but still "knew that the wire transfers had to route through" the forum state.  Id. at 637.  However, PIB's money transfers involved a complex financial practice known as "'nested' correspondent banking," in which it routed money through an industry peer who *did* have an American presence and thus "held correspondent banking accounts" at three banks in New York, giving PIB indirect access to the U.S. dollar.  Id. at 638.  This intricate system served PIB's goal of "mov[ing] funds to and from the United States," which was "sufficiently purposeful" aiming to establish personal jurisdiction.  Id. at 637, 642.  Compared to this case, the factual differences are obvious: Bank Defendants' receipt of money from a California resident does not display anywhere near the intentionality of the careful, multi-step plan that PIB employed to access New York banks.  In any case, Spetner does not once mention Calder or the "effects test," which appears to be the legal foundation of Liem's argument.  Instead, Spetner focused on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02819-JVS-KES | Date | November 18, 2025 |
| Title | Ken Liem v. Chong Hing Bank Limited et al | | |

fact that PIB "affirmatively directed" its money to U.S. banks, which Bank Defendants have not done here. <u>Id.</u> at 645.

Liem also raises the fact that DBS Bank has an office in Los Angeles, making it "particularly foreseeable" that its actions could harm California residents. (Mot. at 7–8.) This does not establish specific jurisdiction. It might establish that DBS Bank has the requisite "minimum contacts" with California, but Liem alleges no facts indicating that his financial loss arose "out of or resulted from the defendant's forum-related activities." <u>Pebble Beach</u>, 453 F.3d at 1155. For example, Liem does not allege that DBS Bank's responsibilities—"hav[ing] new business customers provide certain personal identity and corporate documentation," "inquir[ing] as to the nature of the businesses' activities," generally "tak[ing] minimum due diligence steps"—would have been conducted in its Los Angeles office. (Mot. at 3.) Thus, even if DBS Bank engaged in tortious conduct, no allegations indicate that it did so through its contacts with this forum.

Finally, Liem's reply brief argues that, "[u]pon default, all well-pleaded factual allegations, including those establishing jurisdiction (but excluding damages), are deemed admitted." (Reply at 3 (citing <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam)).) In his view, this renders any opposition based on personal jurisdiction "untimely." (<u>Id.</u>) The Court disagrees—Bank Defendants' default does not automatically satisfy personal jurisdiction. For one, <u>TeleVideo</u> does not discuss personal jurisdiction at all; rather, it concerned a determination of the sufficiency of allegations in a securities fraud claim. 826 F.2d at 918. For another, extensive jurisprudence in this Circuit suggests that this Court should—as Liem himself admits in his Motion— "evaluate the basis for personal jurisdiction over the defendant." (Mot. at 5.); <u>see</u> <u>In re Tuli</u>, 172 F.3d at 712 ("[W]hen a court is considering whether to enter a default judgment, it may dismiss an action sua sponte for lack of personal jurisdiction."); <u>Interior Specialists, Inc. v. Delta Constr. Co.</u>, No. 18-1434, 2018 WL 8131223, at *2 (C.D. Cal. Oct. 26, 2018) ("Because judgment entered without personal jurisdiction over the parties is void, the Court cannot enter default judgment against Delta."); <u>N. Am. Co. for Life and Health Ins. v. Lata</u>, No. 23-574, 2024 WL 1344592, at *4 (E.D. Cal. Mar. 29, 2024) ("To enter default judgment, the court must have a basis for the exercise of personal jurisdiction over the defendant in default."); <u>United States v. Smith</u>, No. 21-907, 2021 WL 6882445, at *2 (S.D. Cal. Dec. 10, 2021) ("A court must have subject matter and personal jurisdiction to enter default judgment against a party.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02819-JVS-KES | Date | November 18, 2025 |
| Title | Ken Liem v. Chong Hing Bank Limited et al | | |

In sum, the Court finds it has no personal jurisdiction over Bank Defendants. Accordingly, it cannot enter default judgment against them.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** all three motions for default judgment.  In addition, it **DENIES as moot** the Request to Appear Remotely filed by Liem's counsel.

**IT IS SO ORDERED.**

The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15.  Accordingly, the Court **VACATES** the November 24, 2025, hearing.